## Howard *vs* Chiles.

CASE.

*Case* 85.

ERROR TO THE ESTILL CIRCUIT.

&ast; *Pleading. Warranty. Variance.*

JUDGE SIMPSON delivered the opinion of the Court.

June 7.

THIS is an action for a breach of warranty on the sale of a horse. The second and third counts in the declaration, are objected to as invalid. Each of them contains substantially the following language: "In consideration that the plaintiff at the like special instance and request of said defendant, had then and there bought of said defendant a certain other horse, at and for a certain other price or sum of money, then and there agreed upon between the said plaintiff and said defendant, he the said defendant undertook, and then and there faithfully promised the said plaintiff that the said last mentioned horse, at the time of the sale thereof, was sound and free from disease."

Case stated.

The defect relied upon by counsel, is not particularly specified. We suppose it to be, on account of the omission to set forth the precise amount given for the horse purchased. The consideration, however, stated in these two counts, is an executed consideration, and is not required to be stated with as much certainty and precision, as one that is executory; nor with the same particularity as to quantity, quality, value, &c.: (1 *Chitty,* 323.) It must, however, be alledged that the executed consideration arose at the defendant's request, which is done in both the counts objected to. Besides, these counts are in strict conformity with the form given by Chitty, vol. 2, page 281, for a breach of warranty on the sale of a horse.

Where the consideration for property is an executed consideration, less certainty is required in stating it in the declaration than when it is executory, but it should appear at defendant's request.

The price of the horse was sixty six dollars. Fifty dollars, part thereof, was paid, and the purchaser executed a note for the residue, being sixteen dollars, payable on a certain contingency. In the first count in the declaration the price of the horse is stated to be the

The declaration in case, averred the price of the property sold was $66, the proof showed the consideration to have been $50

paid and plaintiff's note for $16 more—Held that the variance was fatal.

sum of sixty six dollars, to be paid by the plaintiff. As the payment of part of the alledged price depended upon a contingency, and as the whole price, according to the import of the first count, was certain and unconditional, the variance was fatal; but as the other counts are held to be sufficient, this variance does not materially affect the final determination of the plaintiff's action.

The testimony in relation to the warranty, shows that the vendor agreed to pay the sum of one hundred dollars to the purchaser, in the event that the horse proved to be unsound at the time of the sale. The declaration omits to set forth this part of the agreement, and it is contended this omission is fatal to the plaintiff's action.

Every material part of the contract in actions on the contract must be averred or the action fails.

It is a general rule, that the contract must be stated correctly, and if the evidence differ from the statement, the action fails because of the variance. But this general rule must be received with some qualifications. Omissions of immaterial portions of the contract, not in any way affecting its substance, are of no importance; although the omission of any part which materially qualifies and alters the legal nature of the promise which is alledged to have been broken, will be fatal.

But in cases of warranty of property sold by parol under a penalty, it is not necessary to aver that part of the contract as it is not enforcible.

Now it is obvious the agreement upon the part of the vendor to pay one hundred dollars in the event that the horse sold was unsound at the time of the sale, did not affect the substance of the contract, determine the extent of his liability, nor diminish, or increase, or modify in any manner, the legal effect of the warranty entered into by him. It was nothing but a penalty, its payment not enforcible by law, and wholly immaterial, the legal effect of the contract being the same, with or without this stipulation. As, therefore, it is sufficient to set out a contract according to its legal effect, the failure to set out this portion of it is of no consequence.

Wherefore, the judgment is affirmed.

*Turner* for plaintiff; *Apperson* for defendant.